UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HORACE L. FRANCOIS**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 13-5775** |
| **CITY OF NEW ORLEANS, et al.,**<br>    **Defendants** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is *pro se* plaintiff Horace Francois' ("Francois") Ex Parte Motion for Declaratory Judgment/Preliminary Injunction and In Due Course Permanent Injunction.[1] In his memorandum in support of his motion[2], Francois also requests a temporary restraining order ("TRO") under Rule 65(b) without notice to the adverse parties, but this request is not found in his motion. Because Francois is proceeding *pro se*, this Court must liberally construe Francois' pleadings and will treat his filing as a motion for a TRO without notice. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). For the following reasons, Francois' motion for a TRO is **DENIED.**

A TRO is appropriate only when the movant establishes: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806 (5th Cir. 1989); *State of Louisiana ex rel Guste v. Lee*, 635 F.Supp. 1107, 1125 (E.D. La. 1986).

---

[1] R. Doc. 5.

[2] R. Doc. 5-1.

1

Temporary restraining orders are extraordinary remedies available only if the movant has clearly carried the burden of persuasion as to all four factors. *Id.*

In emergency circumstances, a TRO may be granted without notice to the adverse parties. *See EEOC v. Steamship Clerks Union, Local 1066*, 48 F.3d 594, 608 (1st Cir. 1995). Under Rule 65(b)(1), a court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Francois has not shown he is entitled to a TRO without notice. He has not attached an affidavit nor a verified complaint to his motion as required by Rule 65(b)(1)(A). Francois has not certified in writing any efforts made to give defendants notice, nor has he provided any reasons why notice should not be required under Rule 65(b)(1)(B).

Francois also included in his *ex parte* motion a request for a declaratory judgment under Federal Rule of Civil Procedure 57. Rule 57 governs the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201 (the "Declaratory Judgment Act"). An action for a declaratory judgment is an "ordinary civil action." *International Bhd. of Teamsters v. Eastern Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y. 1995). All incidents of pleading, process, discovery, trial and judgment are the same as a civil action for damages. *Id.* Because an action for a declaratory judgment is an ordinary civil action, Francois cannot be granted *ex parte* declaratory relief before service of process, pleadings, and discovery are completed. The record indicates that none of the defendants has been served. Judgment

cannot be entered against defendants who have not been served. *See Armstrong v. Armstrong*, 350 U.S. 568, 634 (1955).

Finally, Francois included in his *ex parte* motion a request for a preliminary injunction under Rule 65(a). Under Rule 65(a), a preliminary injunction cannot be ordered without notice to the adverse parties. *See Western Water Management, Inc. v. Brown*, 40 F.3d 105, 109 (5th Cir. 1994). Plaintiff's memorandum concedes he has not provided notice to the defendants.[3]

Requests for a declaratory judgment and a preliminary injunction cannot be brought by *ex parte* motion and cannot be granted under any circumstances before service on defendants. Because the Court construed Francois' motion solely as a request for a TRO without notice, the Court need not and will not rule on his entitlement to a declaratory judgment or preliminary injunction at this time.

Accordingly, **IT IS ORDERED** that Francois' Motion for Declaratory Judgment/Preliminary Injunction and In Due Course Permanent Injunction, considered as a request for a TRO without notice, be and hereby is **DENIED**.

**New Orleans, Louisiana, this __6th__ day of November, 2013.**

                                            _____
                                               **SUSIE MORGAN**
                                     **UNITED STATES DISTRICT JUDGE**

---

[3] R. Doc. 5-1, p. 3.