## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HORACE L. FRANCOIS**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 13-5775** |
| **CITY OF NEW ORLEANS, et al.,**<br>    Defendants | **SECTION "E"** |

## ORDER

Before the Court is *pro se*[1] plaintiff Horace Francois' ("Francois") Ex Parte Emergency Motion for Temporary Restraining Order.[2] Defendant Community Associates, Inc. opposes Francois' motion.[3] Francois filed a reply memorandum to Community Associates, Inc.'s opposition.[4] For the following reasons, Francois' motion is **DENIED.**

Francois filed suit against Community Associates, Inc., JP Morgan Chase Bank, Jack Jernigan, Samuel and Shalawn Francois, the City of New Orleans, the Clerk of Court for the Civil District Court for the Parish of New Orleans (Dale Atkins), and Michelle Payne. Francois alleges the defendants were involved in a scheme to defraud him and seize his house through the "illegal use of the judicial process" in violation of the 14th Amendment.[5]

Francois now moves for a temporary restraining order ("TRO") enjoining "[t]he Sheriff's office for the Parish of Orleans, buyer, seller, agent, agents, representatives or

---

[1] Francois was *pro se* when he filed the present motion but he enrolled counsel on January 24, 2014. *See* R. Doc. 37.

[2] R. Doc. 31.

[3] R. Doc. 32.

[4] R. Doc. 39.

[5] R. Doc. 1.

1

anyone from removing the occupant/occupants and its content from the property located on 4330 Werner Drive, New Orleans, Louisiana 70126."[6] In his reply memorandum, Francois also asks the Court to enjoin Mark C. Landry and the law firm Newman, Mathis, Brady & Spedale from "proceeding on behalf of Community Associates, Inc."[7]

A TRO may only "bind[] the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)." Fed. R. Civ. P. 65(d)(2).

The Orleans Parish Sheriff's Office is not a defendant in Francois' lawsuit. The Sheriff's Office might fall within the categories listed under Rule 65(d)(2)(c), but Francois did not serve the Sheriff's Office with his motion for TRO. As a result, a TRO may not issue binding the Sheriff's Office because it did not receive notice of his motion.

The identities of the remaining individuals listed in Francois' motion for TRO ("buyer, seller, agent, agents, representatives or anyone") are unclear. Since those entities/individuals are not named, there is no way to establish whether they received notice or whether they are included under Rule 65(d)(2). Thus, a TRO may not issue against them.

Mark C. Landry and the law firm Newman, Mathis, Brady & Spedale, as attorneys of a party (Community Associates, Inc.), may be bound by a TRO under Rule 65(d)(2)(B). However, Francois did not list them in his motion for TRO, did not serve them, and made

---

[6]R. Doc. 31, p. 1.

[7]R. Doc. 39.

no attempt to meet the substantive requirements of Rule 65 with respect to them.[8]

Accordingly, **IT IS ORDERED** that Francois' Ex Parte Emergency Motion for Temporary Restraining Order be and hereby is **DENIED**.

**New Orleans, Louisiana, this 27th day of February, 2014.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[8] A temporary restraining order is appropriate only when the movant establishes: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806 (5th Cir. 1989)