UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HORACE L. FRANCOIS**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 13-5775** |
| **CITY OF NEW ORLEANS, et al.,**<br>    Defendants | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by defendants Office of the Clerk of Court for the Civil District Court for the Parish of Orleans, and Dale Atkins, Clerk of Court for the Civil District Court for the Parish of Orleans (collectively, "Defendants").[1] Plaintiff Horace Francois[2] ("Francois") did not file an opposition to Defendants' motion.[3] For the following reasons, Defendants' motion is **GRANTED.**

## BACKGROUND

Francois filed suit against Community Associates, Inc., JP Morgan Chase Bank, Jack Jernigan, the Jernigan Law Firm, Samuel and Shalawn Francois, New Perspective LLC, Michelle Payne, the City of New Orleans, the Office of the Clerk of Court for the Parish of Orleans ("Office of the Clerk of Court"), and Dale Atkins, the Clerk of Court for the Civil District Court for the Parish of New Orleans ("Atkins").[4] Francois alleges the defendants were involved in a scheme to defraud him and seize his house through the "illegal use of the

---

[1] R. Doc. 33.

[2] Francois was *pro se* when Atkins' motion was filed but Francois enrolled counsel on January 24, 2014. *See* R. Doc. 37.

[3] Francois requested a 20 day extension of time to file an opposition to Defendants' motion because Francois' recently acquired attorney needed additional time to file a response. *See* R. Doc. 43. The Court granted Francois' request for an extension. *See* R. Doc. 44. Francois nevertheless failed to file an opposition.

[4] R. Doc. 1.

1

judicial process" in violation of the 14th Amendment, and brings claims under 42 U.S.C. §§ 1983, 1985(2), and 1986.[5] Francois also alleges defendants violated Civil Code article 1906 (contracts), article 2298 (unjust enrichment), and article 2315 (negligence), as well as Louisiana Code of Civil Procedure article 2001, *et seq* (nullity of judgments).[6]

The Office of the Clerk of Court and Atkins moved to dismiss Francois' claims under Rule 12(b)(6) arguing: (1) the Office of the Clerk of Court lacks capacity to be sued; and (2) Francois has failed to state a claim against Atkins in either his official capacity or individual capacity.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for the dismissal of a complaint if it fails "to state a claim upon which relief can be granted." Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Piotrowski v. City of Houston* 51 F.3d 512, 514 (5th Cir. 1995). In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and must view the facts in the light most favorable to the plaintiff. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). However, the Court need not accept conclusory allegations in the complaint as true. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

## DISCUSSION

**A. Claims against the Office of the Clerk of Court**

Under Federal Rule of Civil Procedure 17(b), Louisiana law governs whether the

---

[5] R. Doc. 1.

[6] R. Doc. 1.

Office of the Clerk of Court may sue or be sued.[7] In Louisiana, "an entity must qualify as a juridical person to have the capacity to be sued." *Dejoie v. Medley*, 945 So.2d 968, 972 (La. Ct. App. 2006). A juridical person is "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. There is no law, constitutional, statutory, or otherwise, that confers upon the Office of the Clerk of Court the authority to sue or be sued. *See Green v. District Attorney Office*, 2009 WL 651132, *5 (E.D. La. March 10, 2009). Accordingly, the Office of the Clerk of Court is not a proper defendant in this suit and the claims against it must be dismissed.

**B. Claims against Atkins**

Francois alleges Atkins and her staff "neglected to review false documents" filed by other defendants and Atkins "neglected to monitor and evaluate the performance of her staff members."[8] Francois' complaint falls well short of pleading enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

Francois' claim under 42 U.S.C. § 1983 (Section 1983)[9] is not specifically brought against Atkins in her official capacity or individual capacity. However, out of an abundance of caution, the Court will address whether Francois has adequately pled either an official capacity or individual capacity claim under Section 1983.

---

[7] The rule provides that "[c]apacity to sue or be sued is determined ... by the law of the state where the court is located." Fed. R. Civ. P. 17(b).

[8] R. Doc. 1, p. 4. Francois does not specifically assert claims against Atkins in both her official and individual capacity. Out of an abundance of caution, the Court will assume Francois complaint includes both.

[9] Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law..."

Francois' Section 1983 claim against Atkins in her official capacity must fail because Francois has not pled any facts showing a "policy or custom" maintained by Atkins to render her liable in her official capacity. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999)(holding that, in an official capacity claim under Section 1983, the plaintiff must show the defendant's act "resulted from a municipal policy or custom adopted or maintained with objective deliberate indifference to the [plaintiff's] constitutional rights.")

With respect to Francois' Section 1983 claim against Atkins in her individual capacity, Francois has failed to allege specific conduct giving rise to a constitutional violation. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)("Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusory assertions: The plaintiff must allege specific facts giving rise to the constitutional claims.") Francois only alleges Atkins and her staff "neglected to review false documents" and Atkins "neglected to monitor and evaluate the performance of her staff."[10] These factual allegations fall well short of stating sufficient facts giving rise to a constitutional violation.[11]

Francois has not alleged sufficient facts to state a claim under 42 U.S.C. § 1985(2) (Section 1985(2)).[12] A plaintiff bringing a claim under Section 1985(2) must allege the acts of defendants were motivated by class based animus. *Daigle v. Gulf State Utilities Co.*, 794

---

[10] R. Doc. 1, p. 4.

[11] The Court notes that under Louisiana law, there is no duty for Atkins as the Clerk of Court to examine documents for authenticity. *See* La. R.S. § 44:101, 44:181, and 44:182.

[12] The relevant portion of 42 U.S.C. § 1985(2) provides: "[i]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating ... due course of justice ... with the intent to deny any citizen equal protection of the laws ... the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one of the conspirators."

F.2d 974, 979 (5th Cir. 1986)(noting that claims under both Section 1985(2) and Section 1985(3) require pleading allegations of unlawful class-based discriminatory animus on the part of the defendants). Francois does not allege Atkins' conduct was motivated by any class based animus sufficient to state a claim under Section 1985(2). Since Section 1986 claims are linked to the existence of a Section 1985 claim, Francois' complaint also fails to state a claim upon which relief can be granted regarding his Section 1986 claim. *See Vanderwall v. Peck*, 2004 WL 944518, *5 (E.D. La. April 30, 2004).[13]

Lastly, the bare allegations against Atkins are also insufficient to state a plausible claim for relief for negligence, breach of contract or unjust enrichment under Louisiana law. The articles contained in Louisiana's Code of Civil Procedure do not provide any basis for Francois to recover.

## CONCLUSION

For the above-stated reasons, **IT IS ORDERED** that the Office of Clerk of Court for the Civil District Court and Dale Atkins' Motion to Dismiss be and hereby is **GRANTED**.

**New Orleans, Louisiana, this <u>12</u>th day of June, 2014.**

_____<br>
**SUSIE MORGAN**<br>
**UNITED STATES DISTRICT JUDGE**

---

[13] 42 U.S.C. § 1986 provides in part: "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refused to do so, if such wrongful act be committed, shall be liable to the party injured ... for all damages caused by such wrongful act..."